UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BRADBURY,

        Petitioner,

v.                                    CIVIL CASE NO. 09-14240
                                    U.S. DISTRICT JUDGE GERALD E. ROSEN
MILLICENT WARREN,

        Respondent.

_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

### I. Introduction

Petitioner Melissa Bradbury is a state prisoner at Huron Valley Correctional Facility in Ypsilanti, Michigan. She has filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her state sentence of nine and half to twenty years in prison for two counts of child sexually abusive activity, two counts of using a computer to commit a felony, and one count of distributing child sexually abusive material. Petitioner appealed her sentence, but the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Bradbury*, No. 282867 (Mich. Ct. App. Feb. 21, 2008). On July 29, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Bradbury*, 482 Mich. 895; 753 N.W.2d 188 (2008).

Petitioner filed her habeas corpus petition on October 29, 2009. The sole ground

for relief alleges that the trial court improperly scored offense variable 8 of the state sentencing guidelines. Offense variable 8 measures "victim asportation or captivity." *See* Mich. Comp. Laws § 777.38. Fifteen points may be assessed if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Mich. Comp. Laws § 777.38(1)(a). No points should be assessed if "[n]o victim was asported or held captive." Mich. Comp. Laws § 777.38(1)(b).

Petitioner contends that the victim in her case was not transported to another place of danger and, therefore, the trial court incorrectly assessed fifteen points for offense variable 8. According to Petitioner, if offense variable 8 were correctly scored at zero, her sentence would have to be reduced.

## II. Discussion

Petitioner is not entitled to the writ of habeas corpus unless the state court's adjudication of her claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Michigan Court of Appeals found no merit in Petitioner's claim that the trial court incorrectly scored offense variable 8 of the Michigan sentencing guidelines. The trial and appellate courts' interpretation and application of state sentencing laws and guidelines is a matter of state concern only, *Howard v. White*, 76 Fed. Appx. 52, 53 (6th

2

Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [the applicant's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241 and *Townsend v. Sain*, 372 U.S. 293, 312 (1963)). Because Petitioner has not alleged a violation of federal law, her habeas corpus petition [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court denies leave to proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. Fed. R. App. P. 24(a)(4)(B).

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: November 17, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on  11/17/2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Melissa Bradbury, #497544, Huron Valley Complex-Women's, 3201 Bemis Road, Ypsilanti, MI 48197 .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (313) 234-5137